**DUANE MORRIS LLP**
By: Gerard S. Catalanello, Esq. (GC-0945)
    James J. Vincequerra, Esq. (JV-6270)
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1000
Facsimile: 212.692.1020
*Proposed Attorneys for Deep Woods Real Estate Development, Corp.*
*and Deep Woods Real Estate Development, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

IN RE:

                                          Case No. 10-78958

DEEP WOODS REAL ESTATE
DEVELOPMENT, CORP.,                Chapter 11

               Debtor.

------------------------------------------------------------X

------------------------------------------------------------X

IN RE:

                                          Case No. 10-78963

DEEP WOODS REAL ESTATE
DEVELOPMENT, LLC,                   Chapter 11

               Debtor.

------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER**
**DIRECTING THE JOINT ADMINISTRATION OF THEIR**
**CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(B)**

Deep Woods Real Estate Development, Corp. ("Deep Woods Corp.") and Deep Woods Real Estate Development, LLC ("Deep Woods LLC"), the within debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed attorneys, Duane Morris LLP, file this motion (the "Motion"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting the entry of an order consolidating

their separate chapter 11 cases for procedural purposes only, and providing for joint administration thereof. In support of this Motion, the Debtors represent as follows:

**BACKGROUND**

1. On November 15, 2010 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors remain in possession of their assets and continue to manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. No trustee, examiner or committee of creditors has been appointed in these cases.

4. Deep Woods Corp. is the 100% owner of Deep Woods LLC. Deep Woods Corp.'s sole asset is its membership interests in Deep Woods LLC. Deep Woods LLC is a single-asset real estate entity, formed for the express purpose of the purchase and ownership of its sole asset, 397 acres of real property located in Belchertown, Massachusetts (the "Property").

5. The Debtors' chapter 11 filings were precipitated by, among other things, (a) Deep Woods LLC's default under two separate bank loans totaling approximately $715,000 and the respective mortgages associated therewith, which mortgages are secured by a first lien in and against the Property, and are held by Country Bank for Savings ("Country Bank"), and (b) Deep Woods LLC's default under a First Amended and Restated Forbearance Agreement, entered into by and among Deep Woods LLC, Country Bank, Matthew Case and Raymond J. Suris, effective as of July 6, 2010 (the "Forbearance Agreement").

6. As a result of the default under the Forbearance Agreement, Country Bank has scheduled a mortgagee's public auction of the Property for November 16, 2010 at 1:00 p.m. (the "Public Auction"). In light of the reluctance of Country Bank to adjourn the Public Auction, and because the Debtors believe that the Public Auction will not maximize recoveries to all creditors,

the Debtors were compelled to file the petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors intend to utilize the provisions of the Bankruptcy Code to develop and implement a restructuring plan that will allow the Debtors to successfully emerge from Chapter 11 protection.

7. For a more detailed description of the Debtors' business operations and the events leading up to the Petition Date, see the Affidavit of Raymond J. Suris regarding the Debtors' First- Day Motions, filed contemporaneously herewith in support of these cases and incorporated by reference as if fully set forth herein.

## JURISDICTION

8. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code"). This is a core proceeding pursuant to section 157(b)(2) of the Judicial Code. Venue is proper before this Court pursuant to sections 1408 and 1409 of the Judicial Code. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015(b).

## RELIEF REQUESTED

9. The Debtors respectfully request entry of an Order directing that their Chapter 11 cases be jointly administered pursuant to Fed. R. Bankr. P. 1015(b). As set forth herein, each of the Debtors is an "affiliate" within the meaning of 11 U.S.C. §101(2)(B). Moreover, as detailed below, joint administration of these cases will result in a more economical and efficient administration of these Chapter 11 cases than would be achieved if each of the Debtors' Chapter 11 proceedings were administered separately.

10. Rule 1015 of the Federal Rules of Bankruptcy Procedure governs the joint administration of Chapter 11 cases. That rule provides in relevant part as follows:

> (b) Case Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

11. The Advisory Committee Note to Rule 1015 recognizes that the joint administration of bankruptcy cases can promote expedience and cost efficiency by "using a single docket for the matters occurring in the administration, including the list of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters[.]" See Advisory Committee Note to Fed. R. Bankr. P. 1015(b).

12. Joint administration is particularly appropriate when an affiliated group of corporations files for bankruptcy relief. See 9 Collier on Bankruptcy, 1015.03, p. 1015-6 (15th ed. rev. 1999). Where closely related corporations file for relief under Chapter 11, "the success of one affiliate's reorganization effort may depend largely on the success of the other affiliate's efforts." Id.

13. The term "affiliate" is defined broadly in the Bankruptcy Code. Section 101(2) of the Bankruptcy Code defines an affiliate as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or]
>
> (B) [a] corporation 20 percent or more or whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor.

11 U.S.C. §101(2)(B).

14. That broad definition of "affiliate" is designed "to help the Bankruptcy Court to administer economically and efficiently different estates with substantial interests in common." In re A&S Transp. Co., Inc., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982) (quoting In re Brookhollow Assocs., 435 F.Supp. 763, 766 (D. Mass. 1977), aff'd 575 F.2d 1003 (1st Cir. 1978)).

15. Deep Woods LLC is a wholly owned subsidiary of Deep Woods Corp. Therefore, the Debtors are "affiliates" as contemplated by Section 101(2) of the Bankruptcy Code, and their bankruptcy cases are appropriate for joint administration pursuant to Fed. R. Bankr. P. 1015(b).

16. The Debtors believe joint administration of their Chapter 11 cases will allow the cases to be administered more efficiently, expeditiously and economically, and will not prejudice any creditors of the Debtors' individual estates. Accordingly, the Debtors respectfully submit that joint administration of the within Chapter 11 cases pursuant to Federal Rule of Bankruptcy Procedure 1015 is necessary and appropriate.

17. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
In re:

DEEP WOODS REAL ESTATE
DEVELOPMENT, CORP. and DEEP WOODS
REAL ESTATE DEVELOPMENT, LLC,

      Debtors.
-----------------------------------------------------------------X

Chapter 11

Case No. 10-78958

Jointly Administered

18. The Debtors request that a docket entry reflecting the joint administration of the Debtors' cases be made in each of the Debtors' cases as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Deep Woods Real Estate Development, Corp. and Deep Woods Real Estate Development, LLC. The docket in Case No. 10-78958 should be consulted for all matters affecting this case.

19. Finally, the Debtors request that all future entries for both cases be made under the Deep Woods Corp. case number 10-78958.

## WAIVER OF MEMORANDUM OF LAW

20. Based on the authority provided herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a separate memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule for the Eastern District of New York 9013-1.

## NOTICE

21. The Debtors have provided notice of this Motion to the Office of the United States Trustee for the Eastern District of New York. The Debtors submit that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

## NO PRIOR REQUEST

22. No prior Motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order substantially in the form of the proposed Order attached hereto as **Exhibit "A,"** and grant such other and further relief as is just and proper.

**DUANE MORRIS LLP**

By: */s/ James J. Vincequerra*
    Gerard S. Catalanello, Esq. (GC-0945)
    James J. Vincequerra, Esq. (JV-6270)
    1540 Broadway
    New York, NY 10036-4086
    212.692.1000
    Facsimile 212.692.1020
    *Proposed Attorneys for Deep Woods Real Estate Development, Corp. and Deep Woods Real Estate Development, LLC*

Dated: November 15, 2010